Clyde **COLLIER,** Petitioner-Appellant,

v.

John W. **WINGO,** Warden, Kentucky State Penitentiary, Eddyville, Kentucky, Respondent-Appellee.

No. 72–1960.

United States Court of Appeals, Sixth Circuit.

Argued April 20, 1973.

Decided May 15, 1973.

Kurt Meier (Court Appointed), Newport, Ky., on brief for appellant.

Jackson D. Guerrant, Frankfort, Ky., for appellee; Ed W. Hancock, Atty. Gen., on brief.

Before CELEBREZZE, PECK and KENT, Circuit Judges.

PER CURIAM.

The appellant was convicted in a Kentucky state court of armed robbery and is presently serving a life sentence. He contends that in spite of his requests his court-appointed attorney failed to perfect a direct appeal from his conviction.

The question of whether the appellant was denied the effective assistance of counsel was first presented to the Boone Circuit Court of Kentucky upon a motion to vacate and set aside the judgment of conviction. In that court, the appellant presented as evidence an October 29, 1963, letter from his court-appointed attorney which purported to be in response to a letter of the appellant dated October 10, 1963. The appellant testified that he had also written an earlier letter, but the attorney testified that he had not received any letter from the appellant other than the October 10, 1963, letter. The Circuit Court denied the requested relief.

The appellant then filed this petition for habeas corpus relief in the District Court, submitting in addition to the evidence presented to the Boone Circuit Court, a letter from his attorney dated September 23, 1963. This letter, written prior to the expiration of the time for filing a direct appeal, indicated that it was in response to a letter of the appellant and arguably indicated that the appellant requested him to perfect a direct appeal. For present purposes, it is important to note only that the existence of the letter contradicts the attorney's testimony before the Boone Circuit Court. The District Court denied the petition on the ground that this question had been presented to the Kentucky courts in the motion to set aside sentence.

The evidence and allegations presented to the District Court indicate that the hearing before the Kentucky Circuit Court was not a full and fair hearing as contemplated by Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963), because the appellant was at that time unable to produce the letter of September 23, 1963. *Townsend* holds that the Federal Court must provide an evidentiary hearing if it appears that the state court did not reliably find relevant facts either at the time of the trial or in a collateral proceeding. 372 U.S. at 313–314, 83 S.Ct. 745. Inasmuch as the appellant would be entitled to relief if the truth of his allegations is established, Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and inasmuch as the factual allegations and evidence purport to be contradictory to sworn testimony upon which the state court relied, we feel required to remand the cause to the District Court for an evidentiary hearing and a determination as to the relevant facts concerning his alleged request for a direct appeal from his conviction, and as to the legal consequences of such facts as may be established.

The judgment of the District Court is reversed, and the case is remanded to the District Court for further proceedings consistent herewith.